ALAN F. SUCH •
HENRY H. FEIN •▲
PHILIP A. KAHN •
JAMES E. SHEPARD
GREGG P. TABAKIN • ◻
ERIC S. KAPNICK •
DEIRDRE R. WHEATLEY-LISS •✧♦
VINCENT DiMAIOLO, JR. ○
MARIO A. SERRA, JR.
PETER R. DAY (1957-1990)

*Of Counsel*
DONALD A. RICHARDS •✧▲
DOUGLAS S. CHARIPPER •
BRIAN W. KINCAID ○ ◻
SHARI SEFFER •
MICHAEL S. REUTER▼◊
ROBERT WINTERS ▼• ◻
HEIDI A. FEYLER ►
STACEY CROWELL MAIDEN

✧ L.L.M IN TAXATION
▲ ALSO MEMBER US TAX COURT
♦ CERTIFIED ELDER LAW ATTORNEY
◻ CERTIFIED BY SUPREME COURT OF NEW
JERSEY AS A CIVIL TRIAL ATTORNEY

# FEIN, SUCH, KAHN & SHEPARD, P.C.

COUNSELLORS AT LAW

7 CENTURY DRIVE, SUITE 201
PARSIPPANY, NEW JERSEY 07054
(973) 538-4700
FACSIMILE (973) 397-2976

SOUTHERN NEW JERSEY OFFICE
833 ROUTE 37 WEST, SUITE B
TOMS RIVER, NEW JERSEY 08783

*www.feinsuch.com*

BRIAN P.S. McCABE
MICHAEL S. HANUSEK•
SAMIT PATEL•
RICHARD ZIMMERMAN
JOSHUA B. SEARS ○
KRISTEN KLICS •
TAMMY L. TERRELL BENOZA▲
STEVEN A. LOEB •▲✧
NICHOLAS J. CANOVA •
RAY A. LEBRON
DAVID J. LEVINE •
ALVIN L. DARBY ○
RICHARD D. FEMANO •
MELISSA N. LICKER ○ •
RICHARD A. GERBINO •
JESSICA A. BERRY
MONICA G. CHRISTIE •
DOLORES M. DE ALMEIDA
CHRISTOPHER C. KOOS
FELICIA O. EKEJIUBA •
DONNA M. MILLER
MAXIME H. BEAULIEU •
SIMONE A. PERSAUD
CHRISTINA A. GUARNERI •

• ALSO MEMBER NY BAR
○ ALSO MEMBER PA BAR
▼ ALSO MEMBER MD BAR
◊ ALSO MEMBER DC BAR
▲ ALSO MEMBER MA BAR
◄ ALSO MEMBER FL BAR
► MEMBER OF NY BAR ONLY

June 4, 2010

*Via ECF*
Honorable Novalyn L. Winfield, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

    **In Re: Roselle Icilma Tyson**
    **Case No.: 06-17053/NLW**
    **Notice of Motion to Re-open Case**

Dear Judge Winfield:

We represent all Defendants in the Adversary Proceeding proposed to be filed by attorneys for Roselle Tyson ("debtor"). Please allow this letter brief to serve in lieu of a more formal Memorandum in Opposition to debtor's motion to re-open her Bankruptcy case to file an Adversary Complaint and to obtain a temporary injunction. As discussed below, Plaintiff's motion should be denied in its entirety.

"A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350. "The burden of demonstrating circumstances sufficient to justify the reopening is placed upon the moving party." *In re Antonious*, 373 B.R. 400, 405 (Bkrtcy. E.D. Pa. 2007) (citations omitted). "In general, when a former debtor seeks to reopen a closed bankruptcy case, the court should consider a variety of non-exclusive factors including: the length of time that the case has been closed, . . . whether a non-bankruptcy forum, such as state court, has the ability to determine the dispute to be posed by the debtor were the case reopened, . . . whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post-bankruptcy, of the parties; whether any parties would be prejudiced were the case reopened or

not reopened; the extent of the benefit which the debtor seeks to achieve by reopening; and whether it is clear at the outset that the debtor would not be entitled to any relief if the case were reopened." *Id* (internal citations omitted). Finally, "the court will not grant a motion to reopen when no clear benefit is shown to creditors. . . . Because no benefit will inure to Debtors' estate or their creditors, Debtors' motion should be denied." *Id*, 373 B.R. at 406.

Here, debtor's proposed adversary complaint is based predominantly on an alleged attempt to collect discharged debt. Yet debtor has failed to satisfy her burden of demonstrating circumstances to justify reopening her case which was closed several months ago. In fact, debtor conveniently fails to disclose to this Court that she has already filed a contesting Answer in the state court foreclosure action. Thus, there is no doubt that the Superior Court of the State of New Jersey has the ability to determine the dispute posed by the debtor and is in a better position to do so. *See generally*, N.J. R. 4:5-4 (discharge is an affirmative defense which may be raised in state court litigation). All of the Defendants in the proposed adversary complaint would be prejudiced for obvious reasons given the broad nature of the relief requested while there would be no benefit whatsoever to any other creditors. Finally, debtor would not ultimately obtain any relief since, *inter alia*, this Court lacks jurisdiction over and/or should abstain from deciding what Defendants would argue are non-core proceedings.

Based on the foregoing, Defendants respectfully request that this Court deny debtor's motion in its entirety.

Respectfully yours,
**FEIN, SUCH, KAHN & SHEPARD, P.C.**

**Samit G. Patel**
Extension 214

SGP/jo
Enclosure
cc:    Virginia Fortunato, Esq. (via ECF)